LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
10 Byron Place, # 402
Larchmont, NY 10538
Tel: 646-342-2019
Email: robert@kraselnik.com
*Attorney for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEFFREY CRAIG, on behalf of himself
and all others similarly situated,

        Plaintiff,

    v.

AMERICAN TUNA, INC.

        Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, Jeffrey Craig ("Plaintiff"), on behalf of himself and all others similarly situated ("Class Members") brings this action for damages and equitable relief against American Tuna, Inc. ("American Tuna" or "Defendant").

## NATURE OF THE CASE

1. Standing in the supermarket aisle and considering a can of "American Tuna," with its large American flag and "Caught and Canned in America" label, a reasonable consumer would understand this tuna to be caught and canned in America. There would be no reason to suspect this tuna is caught and canned anywhere else other than America.

2. Consumers, including Plaintiff and Class Members, seek high quality food, particularly when purchasing healthy foods such as tuna. These consumers are willing to pay a

1

premium for top-quality, locally-sourced tuna caught in American waters and processed in American factories.

3.    Many consumers feel safer knowing that their tuna was caught in American waters and processed in American factories, as opposed to less regulated non-American waters and factories.

4.    Plaintiff and consumers willingly pay a premium for food products that purport to be locally sourced and processed, such as American Tuna, for their health and well-being.

5.    American Tuna represents that its tuna is caught in America -- and therefore caught in American waters -- when it is not.

6.    American Tuna represents that its tuna is canned in America when much of it is canned in Thailand, Costa Rica, Vietnam and other countries.

7.    All American Tuna brand products (the "American Tuna Products") are labeled "Caught and Canned in the USA," "Caught and Canned in America," "American Made" or "100% American Made."  In reality, however, American Tuna sources an enormous volume of tuna from international waters and the territorial waters of other countries, and much of this tuna is canned in other countries as well.  As a result, American Tuna is deceiving consumers when it labels and markets its products as Caught and Canned in the USA, Caught and Canned in America, American Made or 100% American Made.

8.    It is not only the labeling that is false and deceptive.  Defendant's website also contains misleading claims about the source of its tuna.  For example, as recently as May of 2021, the homepage of Defendant's website claimed that American Tuna sources its "premium quality" tuna from the "American Pacific Northwest."  The full statement on American Tuna's homepage read:

**Premium Quality**

We source only the most premium pole and line tuna from the MSC certified American Albacore Fishing Association (AAFA) fishery in the American Pacific Northwest. All of our products are hand processed in Oregon & Washington State, custom labeled & cans coded for maximum transparency & safety.



American Tuna altered "American Pacific Northwest" to "North Pacific Ocean" in or around May of 2021. The current American Tuna website now displays the following on its homepage:



3



9.  The company itself is called "American Tuna" and its logo consists of a fish on a large American flag background:



10. Viewed in context of the false labeling and false marketing, the logo and name of the company add to the mirage that this tuna is caught in American waters and canned in American factories.

11. The overwhelming impression created by American Tuna is that all of its tuna is caught and processed here.  This false impression enables American Tuna to charge significantly more than other companies that label and market their tuna products properly.

12. Defendant's representations are material.  Consumers – including Plaintiff – purchase American Tuna Products because Defendant represents that the tuna is caught and processed in America.  If Defendant disclosed the material facts concerning these products, including that they are not caught and processed in America, consumers like Plaintiff would not have purchased Defendant's tuna products or paid a premium for them.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 1453, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

14. Venue is proper in this district pursuant to 28 U.S.C § 1391(a) and (b), because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and Defendant is subject to personal jurisdiction in this District. Plaintiff purchased Defendant's products in New York County and Westchester County.

## PARTIES

15.   Plaintiff, Jeffrey Craig, resides in Bergen County, NJ.

16. American Tuna, Inc. is a California corporation with its principal place of business located at 4364 Bonita Rd. #331, Bonita, CA 91902.

17. American Tuna was incorporated in 2004. Its products are sold throughout the United States in major retail stores such as Whole Foods, Walmart and Stop & Shop, and through online retailers including Amazon.

18. Defendant is engaged in advertising, marketing, distributing, and selling its products to hundreds of thousands of consumers nationwide, including New York.

## FACTUAL ALLEGATIONS

19. Plaintiff regularly purchased American Tuna Products over the last several years from various supermarkets throughout New York State, including in Manhattan and Westchester County.  Plaintiff purchased these products in reliance on the "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" representations contained on the packaging and in Defendant's marketing.  Plaintiff has since learned that American Tuna Products are caught in non-American waters and canned in non-American factories.  He would not have paid a premium for American Tuna Products had he known that Defendant's claims regarding the sourcing and processing of the tuna were false.

20. Defendant expressly labels its American Tuna Products as "Caught and Canned in the USA," "Caught and Canned in America," "American Made," or "100% American Made." Examples of American Tuna Products are reproduced below:

6

**American Tuna No Salt Added Pole Caught Wild Albacore[1]**





[1] https://www.amazon.com/American-Tuna-No-Salt-Added/dp/B00TSTDP60/ref=sr_1_5_0o_wf?crid=19RYRA56LU2YN&dchild=1&keywords=american+tuna&qid=1635867919&qsid=141-1241904-7087539&sprefix=american+tuna%2Caps%2C566&sr=8-5&sres=B00TSTDP60%2CB003IWV3U8%2CB005LR02VE%2CB07693CXLB%2CB00TSSVPOU%2CB003IMG41Q%2CB00TSTOY60%2CB003L1KAUK%2CB087SJQS4C%2CB00TSPO17G%2CB00SQCOB3Q%2CB00A8I7AIY%2CB0889QWYW2%2CB001SB8AZC%2CB00KI3FFJ0%2CB07FK3JP8V%2CB08L6TS72Q%2CB00KPWFYN6%2CB01FUWYO2M%2CB00E7D05Q0&srpt=FISH (last visited November 2, 2021).



**American Tuna Jalapeno Pole Caught Wild Albacore[2]**





[2] https://www.amazon.com/American-Tuna-Certified-Sustainable-Albacore/dp/B00TSPO17G/ref=sr_1_2?crid=NLEE0E4N294J&dchild=1&keywords=american+tuna+jalapeno&qid=1635868652&qsid=141-1241904-7087539&sprefix=american+tuna+jalapeno%2Caps%2C57&sr=8-2&sres=B00TSPO17G%2CB087SK55BF%2CB00TSSVPOU%2CB001SB8AZC%2CB07NP7HB2T%2CB07611PST7%2CB003IWV3U8%2CB07BB3CS4L%2CB005LR02VE%2CB003IMG41Q%2CB01KOPMAIU%2CB00PEDABT8%2CB0846LDP4Z%2CB019JNH5X8%2CB00E3QNH8O%2CB07QN7Z5QB%2CB00PEGEJFM%2CB07NNMXHP9%2CB00E6WYNYW%2CB081JBKTDL&srpt=FISH (last visited November 2, 2021).



**American Tuna Garlic Pole Caught Wild Albacore[3]**



[3] https://www.amazon.com/American-Tuna-Certified-Sustainable-Albacore/dp/B0889QWYW2/ref=sr_1_6?crid=FCEFZPPDAF9B&dchild=1&keywords=american+tuna+garlic&qid=1635868871&qsid=141-1241904-7087539&sprefix=american+tuna+garlic%2Caps%2C55&sr=8-6&sres=B00A8I7AIY%2CB0889QWYW2%2CB00LUXFYQG%2CB06XWXJPBT%2CB07H7QX7VS%2CB001SB8AZC%2CB003IWV3U8%2CB00TSSVPOU%2CB07CT3CWRV%2CB005LR02VE%2CB009UB1J1O%2CB07G8SC2JJ%2CB0052P1E1M%2CB003IMG41Q%2CB00PEDABT8%2CB079G2PVP4%2CB0846LHSJC%2CB00GG7SXXM%2CB019JNHEZW%2CB07693QMK5&srpt=FISH (last visited November 2, 2021).



**American Tuna Pole Caught Wild Albacore With Sea Salt[4]**



---

[4] https://www.wholefoodsmarket.com/product/american-tuna-pole-caught-albacore-tuna-with-salt-b07693cxlb (last visited November 2, 2021.

10





21. Defendant's labeling would lead any reasonable consumer to believe that all American Tuna Products are caught and canned in America.

22. Bolstering American Tuna's deceptive labeling is marketing that creates the impression that America Tuna's fish is caught in American waters. For example, as discussed above in Paragraph 8, Defendant's website -- until in or about May of 2021-- claimed that American Tuna sources its tuna from fisheries in the "American Pacific Northwest." Any reasonable consumer would interpret this to mean the fish is caught in the American Pacific Northwest. Confirming American Tuna's intent to create the impression that its fish is caught in

the American Pacific Northwest is the following language that had been displayed on the "American Tuna Biography" section of the American Tuna website until at least May 2021:

> American Tuna is caught using the MSC Certified Sustainable Pole & Line Harvest Method in the U.S. Pacific Northwest.

23. American Tuna recognizes that tuna derived from outsourced fishing and canning is of lower quality.  The American Tuna website stated, until at least May of 2021, the following:

> Local Initiatives: The quality of canned tuna has decreased over the last few decades as almost all commercial tuna fishing and canning has been outsourced to foreign countries. Unknown to many, the fact the West Coast of the U.S. was the Tuna Capital of the World for almost a hundred years. This transition to foreign flagged vessels led to the decline of west coast fishing communities and a subsequent decline in the quality of canned tuna in general. The West Coast of the U.S. is reliant on this fishery to support the small ports and towns that make up this beautiful coastline. Supporting American Tuna is supporting the preservation of artisanal fishermen, micro-canneries, and fishing families who helped pioneer the West Coast of the U.S.

This language is deceptive in several ways.  First, "Local Initiatives" implies the fish is caught and canned locally, when it is not.  Second, the emphasis on decreased tuna quality as a result of outsourcing implies that American Tuna is not outsourcing and that therefore its tuna is of higher quality.  In fact, American Tuna is not catching its tuna where it claims to be – i.e., "the USA," "America," "the American Pacific Northwest" or the "U.S. Pacific Northwest." Moreover, much of the canning has been outsourced as well.  Third, the invocation of the "beautiful coastline" along the "West Coast of the U.S." conditions the consumer to believe that the fish is caught along the coastline of the U.S. West Coast when it is not.

24. Current language on the American Tuna website continues to promote the idea that American Tuna's fish is caught locally.  For example, the "About Us" section of the current

American Tuna website displays a heading that states in large, bold letters: "Local Sourcing."

The paragraph states:

> **Local Sourcing**
> Our tuna is 100% responsibly and sustainably sourced. AT purchases and processes our tuna from MSC certified one-by-one caught albacore from the American Albacore Fishing Association (AAFA) MSC certified fishery. AAFA is comprised of 100% U.S certified one-by-one vessels. We are pioneers in sustainable sourcing of tuna. AAFA was the first tuna fishery in the world to obtain the MSC certification (marine stewardship council, MSC.org) for sustainability in September of 2007 and American Tuna was the first MSC labelled canned tuna in the U.S.



This heading is deceptive, as the tuna is not sourced from American waters. The paragraph refers to "certification" by the "MSC" (Marine Stewardship Council) and indicates that the fish is caught by "100% U.S certified one-by-one vessels." None of this, however, is akin to locally sourced. Local means from the immediate area. No reasonable consumer would consider tuna caught in international waters to be locally sourced. The "certification" language under the term "Local Sourcing" is designed to make a reasonable consumer believe that American Tuna's

"Caught in the USA" claims have been authenticated, when in reality all that is being certified is the that the fish was caught "sustainably" and by a US-flagged vessel.  Neither MSC nor AAFA is certifying that American Tuna's tuna is caught in American waters.  Other tuna companies who catch their tuna on US-flagged vessels label their products as, for example, "US-Line Caught." The company below explains with its labeling that the tuna is caught by "U.S.-flagged fishing boats" and then refers to the same MSC certification that American Tuna is deceptively using to validate its claims that the fish is "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific":



14



Unlike American Tuna, Blue Harbor, although catching its tuna with U.S.-flagged vessels, does not claim its tuna to be "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific." Instead, it makes it clear to the consumer that its tuna is simply "Packed in America" and caught with U.S-flagged vessels.

25. American Tuna also uses social media to perpetuate the narrative that its tuna is caught in American waters and processed locally. For example, American Tuna's Instagram page displays the following posts, which include the following language: "Caching [sic]

#albacoretuna #oneatatime in the #american #pacificnorthwest ain't easy. But somebody's gotta

do it" and "Here at #americantuna we are currently catching beautiful #americanalbacore off the

coast of the #American Pacific Northwest and canning that tuna as quickly as possible for our

customers. You won't see a post like this from any other major brand."





These posts would lead any reasonable consumer to believe that the tuna is caught in the waters of the American Pacific Northwest and canned in America. In the context of the labeling and other marketing, no reasonable consumer would expect American Tuna to be caught or canned anywhere else besides America.

26. American Tuna Products are described on Amazon as "Caught & canned in America" and "caught in U.S. North Pacific," which is consistent with how American Tuna markets and labels. For example:



27. As evidenced by the following customer reviews, consumers are willing to pay much more for tuna that they believe has been sourced from and processed in America, because they feel it is safer and of higher quality than non-American tuna:













































28. The following Amazon customer Q&A demonstrates how the labeling directly creates the belief in consumers that the tuna is caught and processed in the USA.  As they should, consumers believe what the can says, and they repeat this information as fact:

**Question**:       **What's the country of origin?**

**Answer:**       **The can reads "Caught and canned in the USA. Pole and troll caught by certified sustainable US vessels. Packed in Oregon."**
By Janice B on March 19, 2015

**Caught, cleaned and processed in the USA by American families.**
By Sonja G. on March 13, 2015

Through its labeling, American Tuna created these false impressions, which continue to be displayed on Amazon today.



29. American Tuna is more expensive than other line caught tuna brands that label and market properly. For example, Wild Planet Albacore Wild Tuna – Sustainably Pole and Line Caught labels its cans as "Fish Caught in the North Pacific or Coastal New Zealand – Processed in Thailand":





A 5 oz can of Wild Planet Albacore Wild Tuna Sustainably Pole and Line Caught No Salt Added

currently costs $3.54 at Walmart ($0.71 per oz):



A 6 oz can of American Tuna Pole Caught Wild Albacore No Salt Added currently costs $6.24 at Walmart ($1.04 per oz):



Therefore, although neither Wild Planet nor American Tuna is actually caught or processed in America, American Tuna is able to charge $0.33 more per ounce (approximately, a 32% premium) because it represents itself as being caught in America.  As the above reviews demonstrate, consumers, although cognizant of the higher price, are willing to pay for the safety and quality of what they believe to be American-sourced tuna.

30. Blue Harbor, as shown above, does not claim its fish is caught in American waters, but instead with US-flagged vessels and "Packed in America."  A 4.6 oz can of Blue Harbor Wild Albacore Solid White Tuna in Water No Salt Added currently costs $2.99 for a 4.6 oz can at Stop & Shop ($0.65 cents per oz):



Therefore, American Tuna is able to charge $0.39 more per ounce than Blue Harbor (approximately, a 38% premium) because American Tuna represents itself as being both caught and processed in America.

31. Defendant misled and continues to mislead consumers about the sourcing and processing of American Tuna Products. By careful design, the overall effect of the American Tuna brand is to lead consumers to believe that all American Tuna Products are caught and processed in America.  In reality, a huge volume of this tuna is caught in international waters and the territorial waters of other countries, and much of it is processed in Thailand, Costa Rica, Vietnam, etc.

32. Joel Cardoza, American Tuna's Chief Operating Officer, admits that their tuna is being caught in international waters and must clear customs to enter the United States. Specifically, in discussing where the tuna is caught, Mr. Cardoza states during an interview at American Tuna's warehouse in San Diego:

[H]ow the guys know Dottie is when they come in from…when they go to international waters, when they come back into U.S. waters, she actually helps them clear customs…so and this is actually a bonded warehouse so shipments come in here and then get inspected by customs too as well. [5]

33. American Tuna's opportunistic labeling and marketing leaves the overwhelming impression that its tuna is caught in American waters and canned in American factories. And this is exactly the impression Defendant intended to leave all along through its name, logo, labeling and marketing.  The law is designed to protect consumers from this type of false representation and predatory conduct.

## CLASS ACTION ALLEGATIONS

34. Plaintiff seeks relief in his individual capacity and as representative of all others who are similarly situated. Pursuant to Rules 23(a), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks certification of the following classes:

    i.   The Nationwide Class
        All persons residing in the United States and its territories who purchased American Tuna Products during the applicable limitations period primarily for personal, family, or household purposes, and not for resale.

    ii.   The New York Class
        All persons residing in New York State who purchased American Tuna Products during the applicable limitations primarily for personal, family, or household purposes, and not for resale.

35. Excluded from the Classes are current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which they have or have had a controlling interest. Also excluded from the Class is the judicial officer to whom this lawsuit is assigned.

---

[5] https://www.youtube.com/watch?v=7kWrD0MOLtI (last visited November 3, 2021)

36. Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

37. This action is proper for class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Class Members. Thus, the Class is so numerous that individual joinder of all Class Members is impracticable.

38. Questions of law and fact arise from Defendant's conduct described herein. Such questions are common to all Class Members and predominate over any questions affecting only individual Class Members and include:

  a.  whether Defendant's claims that American Tuna Products are caught and canned in America are deceptive;

  b.  whether the deceptive labeling and marketing of American Tuna Products violates federal, state and/or common law;

  c.  whether Defendant engaged in labeling and marketing practices intended to deceive the public by leading consumers to believe that American Tuna Products are caught and canned in America;

  d.  whether members of the public were likely to be deceived by Defendant's labeling and marketing;

  e.  whether Defendant received a benefit from Plaintiff and Class Members;

  f.  whether it would be unjust for Defendant to retain such a benefit;

  g.  whether Defendant injured Plaintiff and Class Members and the appropriate measure of those damages;

h.   whether punitive damages are appropriate; and

i.   whether injunctive relief is appropriate and what specific injunctive relief should be ordered.

39. Plaintiff's claims are typical of those of the Class Members because Plaintiff and the other Class Members sustained damages arising out of the same wrongful conduct, as detailed herein.   Plaintiff purchased American Tuna Products during the Class Period and sustained similar injuries arising out of Defendant's conduct in violation of New York State and federal law.   Defendant's unlawful, unfair and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.   The injuries of the Class were caused directly by Defendant's wrongful misconduct.   In addition, the factual underpinning of Defendant's misconduct is common to all Class Members and represents a common thread of misconduct resulting in injury to all members of the Class.   Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

40. Plaintiff will fairly and adequately represent and pursue the interests of the Class and has retained competent counsel experienced in prosecuting consumer fraud class actions. Plaintiff understands the nature of his claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.   Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class.   Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and those of the Class.   Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary

responsibilities to the Class and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by any individual Class Member are too small to make it economically feasible for an individual Class Member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

42. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

43. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

44. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all members of the Class, although certain Class Members are not parties to such actions.

45. Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's

systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

## COUNT I

## BREACH OF EXPRESS WARRANTY

46. Plaintiff brings this count on behalf of himself and the Class, and alternatively, the Subclass, and repeats and re-alleges all previous paragraphs, as if fully included herein.

47. Defendant labeled, marketed, distributed and sold American Tuna Products, and Plaintiff and Class Members purchased American Tuna Products.

48. Defendant represented in the labeling, marketing, advertising, and promotion of its American Tuna Products that the products were "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific." Defendant made these representations to induce Plaintiff and Class Members to purchase American Tuna Products, which did in fact induce Plaintiff and other Class Members to purchase American Tuna Products.

49. Consumers like Plaintiff and Class Members who pay a premium for American Tuna Products base their purchasing decisions on what the labeling, marketing, advertising, and promotion claim.

50. Accordingly, Defendant's representations that the America Tuna Products are caught and canned in America became part of the basis of the bargain between Defendant and Plaintiff and other Class Members.

51. The American Tuna Products did not conform to Defendant's representations and warranties regarding "Caught and Canned in America," "Caught and Canned in the USA," etc. because at all relevant times American Tuna was not caught and canned in America.

52. As a direct and proximate result of Defendant's breach of warranties, Plaintiff and the other Class Members have suffered damages in an amount to be determined by the Court and/or jury, in that, among other things, they purchased and paid for products that did not conform to what Defendant promised in its promotion, marketing, advertising and labeling, and they were deprived of the benefit of their bargain and spent money on products that had less value than warranted or products that they would not have purchased and used had they known the true facts about them.

## COUNT II

### NEGLIGENT MISREPRESENTATION

53. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint and further alleges as follows:

54. Defendant, directly or through their agents and employees, made false representations, concealments, and nondisclosures to Plaintiff and members of the Class.

55. In making the representations of fact to Plaintiff and members of the Class described herein, Defendant has failed to fulfill its duties to disclose the material facts set forth above. The direct and proximate cause of this failure to disclose was Defendants' negligence and carelessness.

56. Defendant, in making the misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the representations were not true.

Defendant made and intended the misrepresentations to induce the reliance of Plaintiff and members of the Class.

57. Plaintiff and members of the Class relied upon these false representations and nondisclosures by Defendant when purchasing American Tuna Products, which reliance was justified and reasonably foreseeable.

58. As a result of Defendant's wrongful conduct, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for American Tuna Products, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

## COUNT III

### UNJUST ENRICHMENT

59. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint and further alleges as follows:

60. Plaintiff asserts this claim in the alternative in the event that the Court concludes that Plaintiff lacks an adequate remedy at law.

61. Plaintiff brings this claim individually, as well as on behalf of members of the Class. Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state. Since there is no material conflict relating to the

elements of unjust enrichment between the different jurisdictions from which class members will be drawn, New York law may be applied to the claims of the Nationwide Class.

62. In the alternative, Plaintiff brings this claim individually as well as on behalf of the New York Subclass under New York law.

63. At all times relevant hereto, Defendant deceptively labeled, marketed, and advertised American Tuna Products as "Caught and Canned in the USA", "Caught and Canned in America", "American Made", "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific."

64. Defendant received certain monies as a result of its uniform deceptive labeling and marketing of its products that are excessive and unreasonable.

65. Plaintiff and the Class conferred a benefit on Defendant through purchasing its purportedly American caught and canned tuna and Defendant had knowledge of this benefit and has voluntarily accepted and retained the benefits conferred on it.

66. Defendant will be unjustly enriched if it is allowed to retain such funds, and each Class Member is entitled to an amount equal to the amount they enriched Defendants and for which Defendant has been unjustly enriched.

## COUNT IV

### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
### (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

67. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint and further alleges as follows:

68. Plaintiff brings this claim individually and on behalf of the other members of the Subclass for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349.

69. The practices employed by Defendant, whereby Defendant labeled, advertised, promoted, and marketed its products as "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific" are deceptive and misleading and are in violation Gen. Bus. Law § 349.

70. The foregoing deceptive acts and practices were directed at consumers.

71. As a result of the repeated violations described herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

72. Plaintiff and the other Class Members suffered a loss as a result of Defendant's deceptive and unfair trade acts. Specifically, as a result of Defendant's deceptive and unfair trade acts and practices, Plaintiff and the other members of the Subclass suffered monetary losses associated with the purchase of American Tuna Products, *i.e.*, the purchase price of the product and/or the premium paid by Plaintiff and the Subclass for said products.

## COUNT V

**INJUNCTION FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
(DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)**

73. Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint and further alleges as follows:

74. Plaintiff brings this claim individually and on behalf of the other members of the Subclass for an injunction for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349 ("NY GBL").

75. NY GBL § 349 provides that deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are unlawful.

76. Any person who has been injured by reason of any violation of the NY GBL may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

77. The practices employed by Defendant, whereby Defendant labeled, advertised, promoted, and marketed its tuna as being "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific" are unfair, deceptive, and misleading and are in violation of the NY GBL § 349.

78. Defendant should be enjoined from labeling, marketing, promoting and advertising American Tuna Products as being "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific" pursuant to NY GBL § 349.

79. Under all of the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

80. Defendant's actions impact the public interest because Plaintiff and members of the New York Subclass were injured in exactly the same way as thousands of others purchasing

American Tuna Products as a result of and pursuant to Defendant's generalized course of deception.

81. Plaintiff, on behalf of himself and all others similarly situated, respectfully demands a judgment enjoining Defendant's conduct, awarding costs of this proceeding and attorneys' fees, as provided by NY GBL, and such other relief as this Court deems just and proper.

## COUNT VI

## VIOLATION OF NEW YORK GEN. BUS. LAW § 350

82. Plaintiff brings this Count individually and on behalf of the members of the New York Subclass against Defendant and repeats and re-alleges all previous paragraphs, as if fully included herein.

83. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way and which constitutes false advertising in violation of Section 350 of the New York General Business Law.

84. Defendant's false, misleading, and deceptive statements and representations of fact include, but are not limited to, the representations that the American Tuna Products were "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific." Defendant directed these representations to consumers through packaging, labels and other marketing and advertising.

85. Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that the American Tuna products," were "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100%

American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific" are likely to mislead a reasonable consumer acting reasonably under the circumstances.

86. Defendants' false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that the American Tuna Products, were "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and the "U.S. North Pacific" have resulted in consumer injury or harm to the public interest.

87. Plaintiff  and members of the New York Subclass were injured because:  (a)  they would not have purchased  the American Tuna Products, or would not have purchased the American Tuna Products on  the  same  terms,  had  they  known  that  the  American Tuna Products in  fact were not caught and canned  in America ; (b) they paid a price premium for the American Tuna Products based on Defendant's false and misleading statements; and (c) the American Tuna Products did not have the characteristics and benefits promised because they were not caught and canned in America.

88. As a result, Plaintiff and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the American Tuna Products or, alternatively, the difference in value between the American Tuna Products as advertised and the American Tuna Products as actually sold.

89. As  a  result  of  Defendant's  false,  misleading,  and  deceptive  statements  and representations of fact, including but not limited to the representations that the American Tuna Products were "Caught and Canned in the USA," "Caught and Canned in America," "American Made" and "100% American Made" and sourced from the "American Pacific Northwest" and

the "U.S. North Pacific," Plaintiff and members of the New York Subclass have suffered and continue to suffer economic injury.

90. Plaintiff and members of the New York Subclass suffered an ascertainable los caused by Defendant's misrepresentations because they paid more for the American Tuna Products than they would have had they known the truth about the products.

91. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin Defendant's unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of a Class and Subclass of all others similarly situated, seeks a judgment against Defendant, as follows:

A.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's counsel as Class Counsel to represent members of the Class;

B.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.     For compensatory, statutory and punitive damages, as applicable, in amounts to be determined by the Court and/or jury;

E.     For prejudgment interest on all amounts awarded;

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For injunctive relief as pleaded or as the Court may deem proper;

H.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses and costs incurred in bringing this lawsuit;

I.     Any other relief the Court may deem appropriate.


## DEMAND FOR TRIAL BY JURY

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.


Dated: November 4, 2021


Respectfully submitted,

By: /s/ Robert L. Kraselnik (RK 0684)


LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
10 Byron Place, # 402
Larchmont, NY 10538
Tel: 646-342-2019
Email: robert@kraselnik.com
Attorney for Plaintiff and the Class