UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CRAIG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TUNA, INC. and WORLD WISE FOODS, LTD.,<br><br>Defendants. | Case No.: 22-CV-00473-RSH-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND CAUSE OF ACTION IN FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 48]** |

Defendant American Tuna, Inc. ("American Tuna") moves to dismiss the second cause of action in the First Amended Complaint. ECF No. 48 (the "Motion"). The Motion has been fully briefed. *See* ECF Nos. 49 (Plaintiff's Opposition), 50 (Defendants' Reply). As explained below, the Court grants the Motion.

**I.   Background**

As alleged in the First Amended Complaint ("FAC"), Plaintiff Jeffrey Craig is a resident of New Jersey who purchased American Tuna's canned tuna fish from Whole Foods locations in the State of New York. ECF No. 21 at ¶ 24. He claims that he and other consumers were misled to pay a premium for what they believed to be "top quality, locally-

sourced tuna caught in American waters and processed in American factories," when in fact the tuna was not caught in American waters and much of it was canned overseas. *Id.* at ¶¶ 2, 4–6, 8.

Plaintiff alleges that American Tuna is a California corporation with its principal place of business in Bonita, California. *Id.* at ¶ 17. Codefendant World Wise Foods, a UK corporation, is the corporate parent of American Tuna.[1] *Id.* at ¶ 19. Defendants' products are sold throughout the United States, and Defendants "engage in significant business in the State of New York." *Id.* at ¶¶ 18, 22–23.

Plaintiff accuses American Tuna of the false labeling and marketing of its products, and seeks certification of a "Nationwide Class" as well as a "New York Class." *Id.* ¶¶ 38–39. The FAC includes seven claims: (1) breach of express warranty; (2) negligent misrepresentation; (3) unjust enrichment; (4) violation of New York General Business Law § 349; (5) violation of the same New York statute, with Plaintiff seeking an injunction; (6) violation of New York General Business Law § 350; and (7) violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.

## II.    Procedural History

Plaintiff originally filed this lawsuit on November 4, 2021, in the Southern District of New York. ECF No. 1. On January 30, 2022, Plaintiff filed the FAC, the operative pleading. ECF No. 21.

On February 11, 2022, American Tuna moved to dismiss the second, third, and seventh claims in the FAC, and to transfer venue to this district. ECF No. 25. On April 1, 2022, the U.S. District Court for Southern District of New York granted the motion to transfer venue, pursuant to 28 U.S.C. § 1404(a), and deferred ruling on the motion to dismiss to allow this Court to address that motion after the transfer. ECF No. 39.

---

[1]    Defendant World Wise Foods has yet to appear in the instant action.

On May 5, 2022, American Tuna filed the Motion, seeking dismissal of the second claim in the FAC. ECF No. 48. The case was transferred to the undersigned on June 22, 2022. ECF No. 53.

### III. Analysis

#### A. Legal Standard

American Tuna moves to dismiss the second claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570(2007)).

#### B. New York Law Applies to Plaintiff's Second Claim

It is well established that when a case is transferred from one district to another under 28 U.S.C. § 1404(a), the choice-of-law rules of the transferor forum apply to the state law claims. *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) ("[W]here the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."); *S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir. 1981) ("When a change of venue occurs pursuant to 28 U.S.C. § 1404(a), '[t]he transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue.'") (quoting *Van Dusen*, 376 U.S. at 639); *Jarrett v. Terrell*, Case No. 21-55263, 2022 WL 1056645, at *1 (9th Cir. Apr. 8, 2022) ("If a case is transferred under

§ 1404(a), the transferee court applies the law that would have been applicable in the transferor district court."). New York choice-of-law rules therefore apply.[2]

Under New York law, the first step in a choice-of-law analysis is to "determine whether there is an actual conflict between the laws of the jurisdictions involved." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 822 F.3d 620, 641 (2d Cir. 2016) (quoting *In re Allstate Ins. Co. (Stolarz)*, 613 N.E.2d 936, 937 (N.Y. 1993)). If an actual conflict exists, New York law applies an "interest analysis," considering the policies underlying the competing laws. *Stolarz*, 613 N.E.2d at 938. Under this analysis, for "conduct-regulating" torts such as negligent misrepresentation,[3] "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *In re Thelen LLP*, 736 F.3d 219, 220 (2d Cir. 2013) (quoting *Cooney v. Osgood Mach., Inc.*, 612 N.E.2d 277, 280 (N.Y. 1993)).

Where negligent conduct occurs in one jurisdiction and injuries are suffered in another, "the situs of the tort is where the last event necessary for liability occurred." *White Plains Coat & Apron Co. v. Cintas Corp.*, 460 F.3d 281, 285 (2d Cir. 2006) (citing *Schultz v. Boy Scouts of Am.*, 480 N.E.2d 679, 683 (N.Y. 1985)). Here, this situs is where the injury occurred. *See Schultz*, 480 N.E.2d at 683; *Mejia v. O'Neill Grp.-Dutton, LLC*, No. 18CV6483, 2019 WL 3491481, at *8 (S.D.N.Y. Aug. 1, 2019).

---

[2] Plaintiff argues that "Plaintiff's clear intent was for the law of the forum to apply to the negligent misrepresentation claim," and that "California is now the forum state in this action and accordingly California law should apply to the negligent misrepresentation claim." ECF No. 49 at 6, 8. This position is simply inconsistent with the Supreme Court's opinion in *Van Dusen*.

[3] Negligent misrepresentation is a "conduct regulating" tort for purposes of the interest analysis. *See Mark Andrew of the Palm Beaches, Ltd. v. GMAC Commercial Mortg. Corp.*, 265 F. Supp. 2d 366, 378 (S.D.N.Y. 2003). A different analysis applies where the tort is deemed to be "loss allocating" rather than "conduct regulating." *In re Thelen*, 736 F.3d at 220.

There is an actual conflict between New York and California regarding whether a claim for negligent misrepresentation requires a "special relationship." New York law imposes such a requirement. *See Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). California law does not. *See SI 59 LLC v. Variel Warner Ventures, LLC*, 29 Cal. App. 5th 146, 154 (Ct. App. 2018). Under New York's interest analysis, the last event necessary for Plaintiff's negligent misrepresentation claim to arise—i.e., Plaintiff's purchase of American Tuna's products—occurred in New York. *See* ECF No. 21, ¶ 24. Therefore, New York law applies to that claim.

### C. The Second Cause of Action Fails to State a Claim Under New York Law

To state a claim for negligent misrepresentation under New York law a plaintiff must allege that:

> (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

*Anschutz Corp.*, 690 F.3d at 114 (quoting *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000)). Negligent misrepresentation claims brought under New York law are subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(b). *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 583 (2d Cir. 2005).

Under the first element, "New York strictly limits negligent misrepresentation claims to situations involving 'actual privity of contract between the parties or a relationship so close as to approach that of privity.'" *Anschutz Corp.*, 690 F.3d at 114 (quoting *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 271 (2d Cir. 1993)); *see J.A.O. Acquisition Corp.*, 863 N.E.2d 585, 587 (N.Y. 2007) ("A claim for negligent

misrepresentation requires the plaintiff to demonstrate . . . the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff . . . ."). "[T]he law of negligent misrepresentation requires a closer degree of trust between the parties than that of the ordinary buyer and seller in order to find reliance on such statements justified." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003) (citing *Kimmell v. Schaefer*, 675 N.E.2d 450, 454 (N.Y. 1996)).

"When a plaintiff fails to allege the existence of a special relationship or the relationship is only sparsely pled, the plaintiff must emphatically allege . . . two [other] factors . . .—whether the person making the representation held or appeared to hold unique or special expertise and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *Greene v. Gerber Prod. Co.*, 262 F. Supp. 3d 38, 75 (E.D.N.Y. 2017) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 188 (2d Cir. 2004)) (internal quotation marks and edits omitted).

The FAC does not meet this standard. The FAC does not allege a special relationship between Plaintiff and Defendants. It alleges instead that Defendants had "special expertise" regarding the source of their own tuna, and that they nonetheless supplied false information about that source "to induce consumer reliance." ECF No. 21 at ¶¶ 61, 62. However, "knowledge of the particulars of the company's business . . . does not constitute the type of 'specialized knowledge' that is required in order to impose a duty of care in the commercial context." *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 402 (S.D.N.Y. 2004). Without more, the FAC's conclusory language is inadequate.

In opposing the Motion, Plaintiff does not even attempt to argue that he has properly pleaded a "special relationship" or otherwise satisfied the pleading requirements of New York law. Instead, his brief is largely devoted to arguing that he has pleaded the requisite

elements for a negligent misrepresentation claim under *California* law. *See* ECF No. 49 at 7, 9-16.[4] As discussed above, New York rather than California law applies.

Plaintiff's cause of action for negligent misrepresentation therefore fails to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

### D. Leave to Amend

American Tuna does not address whether it is requesting dismissal with or without prejudice. *See* ECF Nos. 48, 48-1, 50. Plaintiff asks that, if American Tuna's motion is granted, Plaintiff should be granted leave to amend. ECF No. 49 at 8. Plaintiff does not, however, address why such leave should be granted. In the event Plaintiff seeks leave to amend its negligent misrepresentation claim, Plaintiff must file a noticed motion to amend setting forth the applicable legal standard and addressing its applicability.

### IV. Conclusion

For the foregoing reasons, American Tuna's Motion (ECF No. 48) is **GRANTED**. The second cause of action in the First Amended Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Dated: October 25, 2022

Hon. Robert S. Huie
United States District Judge

---

[4] Plaintiff sought leave to file a sur-reply brief in connection with the Motion. ECF No. 51. The Court denied leave. ECF No. 56. Notably, Plaintiff's proposed sur-reply also failed to address the pleading standard under New York law or provide additional authority in support of Plaintiff's contention that California law should apply rather than New York law.