UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CRAIG, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>AMERICAN TUNA, INC. and WORLD WISE FOODS, LTD.,<br><br>         Defendants. | Case No.: 22-cv-473-RSH-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE UNDER SEAL; AND**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO FILE UNDER SEAL**<br><br>[ECF Nos. 100, 110] |

  Plaintiff Ray Glass has filed a Motion for Class Certification in this action. *See* ECF No. 99. Related to this Motion are Plaintiff's Motion to File Documents Under Seal, ECF No. 100, and Defendant American Tuna's Motion to File Documents under Seal, ECF No. 110. The Court rules on the sealing motions as set forth below.

**I. LEGAL STANDARD**

  Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

To overcome this presumption of access, a party must show either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Id.* at 1096-97. The Ninth Circuit has made it "clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Id.* at 1100–01 ("[O]ur circuit looks past the literal dispositive/nondispositive label."). "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* If the motion is "more than tangentially related to the merits of a case," the movant must show "compelling reasons" for overcoming the presumption in favor of public access. *Id.* at 1096-99. Otherwise, a party need only show good cause. *Id.*; *see, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14-cv-2129-MMA-AGS, 2017 WL 5029612, at *2 (S.D. Cal. Nov. 3, 2017). "[T]he 'compelling reasons standard applies to most judicial records.'" *Ctr. for Auto Safety*, 809 F.3d at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)).

"[N]umerous district courts have found that the 'compelling reasons' standard applies to motions for class certification." *Baker*, 2017 WL 5029612, at *3 (collecting cases). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (alteration in original)

1  (quoting *Kamakana*, 447 F.3d at 1179). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1180 (citing *Foltz*, 331 F.3d at 1136). Once a party articulates their compelling reasons, "[t]he court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

Even if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410, 2012 WL 1497489 at *2-3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information). *See also* Chambers Civ. Proc. § VIII (Protective Orders and Requests to File Under Seal).

## II. PLAINTIFF'S MOTION

Plaintiff originally moved to file six exhibits to the Motion for Class Certification under seal. ECF No. 100. Plaintiff's class certification brief also contained redactions. *See* ECF No. 99-1. Defendant filed a response joining in part Plaintiff's motion and indicating its position that only documents revealing specific information about catches and fishing locations needed to be filed under seal. *See* ECF No. 113.

Plaintiff then revised its motion, seeking to file only ECF Nos. 104 and 106 under seal. *See* ECF 115. The Court finds that compelling reasons exist to seal these two documents, which appear to contain sensitive business information regarding the location of fishing trips, catch volumes, and pricing which could be used "as sources of business information that might harm [Defendant's] competitive standing." *See Nixon*, 435 U.S. at 598. The Court grants the motion to file ECF Nos. 104 and 106 under seal.

Given that Plaintiff has withdrawn his request as to the other documents, the Court denies the remainder of the Motion as moot. Plaintiff is ordered to file public, unredacted versions of ECF Nos. 101, 102, 103, and 105 within seven (7) days of this Order.

### III.   DEFENDANT'S MOTION

Defendant also seeks to file ten exhibits to its Opposition to Class Certification under seal. ECF No. 110. Defendant has lodged these documents as ECF Nos. 111 through 111-9. They include:

- Appendices of Logbooks
- Exhibit 3 to the Declaration of Scott Hawkins
- Exhibits 24, 25, and 26 to the Declaration of Sarah Eames
- Exhibit 28 to the Declaration of Andrew M. Baker, Ph.D.
- Exhibit 47 to the Declaration of Brent Bixler
- Exhibit 40 to the Declaration of William Keith

The Court considers whether Defendant has demonstrated compelling reasons to seal each document.

### A.   Appendices of Logbooks [ECF Nos. 111-7, 111-8, 111-9]

Defendant seeks to seal a compilation of Logbooks from 36 vessels. Defendant explains that these are captains' records that indicate specific information about the fishing vessel including "the latitude and longitude, quantity of fish caught, number of hours fished, amount and type of bycatch, and other comments" as well as "the port of departure, port of landing, the primary fishing gear type used on the trip, and the total pounds of fish landed on the trip." ECF No. 110-1 at 4. Defendant represents that each of these Logbooks is owned by the captain who wrote them, and that the detailed information contained within is considered proprietary and confidential in the industry because it gives competitors insight into each captain's business. *Id.* at 5.

Here, the level of detail contained in these compiled records—reflecting each captain's precise fishing location, personal comments, and type and amount of catch—

supports sealing them as proprietary business documents. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (recognizing "the common-law right of inspection has bowed before the power of a court to insure that its records are not used[] as sources of business information that might harm a litigant's competitive standing" (quotations omitted)). Defendant has shown compelling reasons that warrant sealing these documents.

### B. Exhibit 3 to the Declaration of Scott Hawkins [ECF No. 111]

Exhibit 3 is an excerpt from the Logbook of Scott Hawkins, one of American Tuna's captains, who submitted a declaration in this case. ECF No. 111. This record appears to contain commercial information similar to the Logbooks compilation discussed above, this time detailing fishing trips on Hawkins's vessel, Jody H. Defendant has shown compelling reasons that warrant sealing this document.

### C. Exhibits 24 and 25 to the Declaration of Sarah Eames & Exhibit 47 to the Declaration of Brent Bixler [ECF Nos. 111-1, 111-2, 111-6]

Exhibits 24 and 25 to the Eames declaration and Exhibit 47 to the Bixler declaration contain receipts and invoices documenting the sale of American Tuna products as well as information about the length and location of each vessel's fishing trip, manner of fishing, and quantity of tuna caught. Defendant describes these as "chain of custody records" that trace the movement of the fish to the cannery. ECF No. 110-1 at 6. Defendant claims it "derives a competitive advantage from its knowledge and the confidentiality of the prices of albacore tuna each season" and "from its relationships with the vessel captains" and their trade organizations. ECF No. 110-1 at 6. Defendant has shown compelling reasons that warrant sealing these documents.

### D. Exhibit 26 to the Declaration of Sarah Eames [ECF No. 111-3]

Exhibit 26 contains raw data and a comparative analysis of the amount of albacore tuna that American Tuna fishing vessels caught inside and outside the U.S. Exclusive Economic Zone. The spreadsheet also includes the vessel names and their longitude and latitude at different catch locations.

The Court agrees with Defendant that this data contains the same confidential and proprietary commercial information contained in the Logbooks. Further, as Defendant states, "disclosure of the spreadsheet" would "reveal American Tuna's analysis of how its sourcing and production process work together." ECF No. 110-1 at 7. This exhibit appears to contain aggregated data and analysis that could be used "as sources of business information that might harm [Defendant's] competitive standing." *See Nixon*, 435 U.S. at 598. Defendant has shown compelling reasons that warrant sealing this document.

E. **Exhibit 28 to the Declaration of Andrew Baker [ECF No. 111-4]**

This exhibit is the 63-page report of Andrew Baker, American Tuna's marketing expert. It contains Baker's conclusion and opinions as to whether American Tuna's representations about catch locations played a material role in customers' purchase decisions.

Defendant represents that this report "contains American Tuna's consumer surveys and marketing strategies" and "shows what consumers value in American Tuna's product labeling." ECF No. 110-1 at 7. It contends that "[t]he disclosure of this information could benefit American Tuna's competitors by providing them with valuable information about American Tuna's product labeling and marketing strategies, and could reduce any business advantage that American Tuna currently possesses." *Id.*

Defendant has not established compelling reasons to justify sealing the entirety of Baker's report. Although compelling reasons may exist to protect specific disclosures about marketing strategy or American Tuna's private consumer surveys, the report also contains many pages that do not appear to disclose information that would harm American Tuna's business advantage if disclosed, such as introductory pages on Baker's qualifications. *See L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV186809MWFMRWX, 2019 WL 13095159, at *2 (C.D. Cal. Sept. 18, 2019) (denying party's "attempt to file entire expert reports under seal, including the introductory pages about an expert's qualifications and background"); *see also GPNE Corp. v. Apple, Inc.*,

No. 12-CV-02885-LHK, 2014 WL 12630065, at *2 (N.D. Cal. Apr. 9, 2014) (denying motion "to seal entire expert reports spanning hundreds of pages," because "much of the information therein is not properly sealable"). Defendant fails to address whether confidential information might be redacted. *See United States v. Ioane*, No. 1:09-CR-00142-JLT-3, 2022 WL 2918231, at *1 (E.D. Cal. July 25, 2022) (If redaction can occur to eliminate the need for sealing, redaction is required).

The Court denies without prejudice Defendant's motion to seal the entirety of the Baker report. Should Defendant wish to rely on the exhibit, it may re-file a more narrowly tailored request within fourteen (14) days.

### F. Exhibit 40 to the Declaration of William Keith [ECF No. 111-5]

This Exhibit contains a letter that Plaintiff's counsel sent Defendant's counsel after the deposition of former plaintiff Michael Sizemore. Defendant submits the letter should be sealed because it "contains extensive personal and medi[c]al information" and "reveals attorney-client communications." ECF No. 110-1 at 8. The Court agrees that the document contains references to a former plaintiff's health as well as descriptions of attorney-client conversations, which is the type of sensitive personal and medical information that should properly be filed under seal. *See Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *3 (C.D. Cal. July 3, 2018) (sealing records that "contain personal identifying information and medical records that are not put at issue by this action"). These references are pervasive and cannot be adequately protected through redaction. Defendant has shown compelling reasons that warrant sealing this document.

## IV. CONCLUSION

For the above reasons, the Court

1. **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Seal Documents [ECF No. 100]. The Court grants Plaintiff's motion to file ECF Nos. 104 and 106 under seal. Plaintiff's motion as to the other exhibits is denied as moot. Plaintiff is

ordered to file public, unredacted copies of ECF Nos. 101, 102, 103, and 105 within seven (7) days of this Order.

    2.    **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Seal Documents [ECF No. 110]. The Court grants Defendant's motion to file ECF Nos. 111, 111-1, 111-2, 111-3, 111-5, 111-6, 111-7, 111-8, and 111-9 under seal. The Court denies without prejudice Defendant's motion to file ECF No. 111-4 under seal. Defendant may re-file a more narrowly tailored request within fourteen (14) days of this Order. If Defendant does not timely file a renewed request, it may not rely on the exhibit.

**IT IS SO ORDERED.**

Dated: November 28, 2023

_____
Hon. Robert S. Huie
United States District Judge