UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CRAIG, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN TUNA, INC. and WORLD WISE FOODS, LTD.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22-cv-473-RSH-MSB<br><br>**ORDER DISCHARGING PLAINTIFF'S OBLIGATION TO SHOW CAUSE** |

　　On December 21, 2023, this Court issued an order denying Plaintiff's motion for class certification and ordering Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. ECF No. 133. The matter has now been fully briefed. *See* ECF Nos. 137, 141, 142.

　　Plaintiff "requests that the Court allow the case to proceed on behalf of [Plaintiff] individually, as questions persist regarding what products Plaintiff bought and what the labels said so as not to warrant" dismissal. ECF No. 137 at 5. Defendant American Tuna, Inc. argues this Court should dismiss the action for lack of standing because Glass did not prove he saw the alleged misrepresentations. ECF No. 141 at 8.

1

Generally, "the elements of Article III standing must be substantiated 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1058 (9th Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). "At the pleading stage, general factual allegations of injury" suffice while in responding to a summary judgment motion a "plaintiff can no longer rest on such 'mere allegations.'" *Lujan*, 504 U.S. at 561.

There is no motion for summary judgment pending. General factual allegations of injury are sufficient to sustain Plaintiff's individual claim at this stage. Plaintiff's Second Amended Complaint adequately alleges an injury in fact. *See* ECF No. 75 ¶ 25 ("Plaintiff Glass purchased these products in reliance on the 'Caught and Canned in the USA,' 'Caught and Canned in America,' 'American Made' and '100% American Made' representations contained on the packaging and in American Tuna's marketing.").

Defendant argues that Plaintiff cannot rely on its pleadings and must offer evidentiary proof that he saw and relied on the challenged representations in order to preserve his individual claim. ECF No. 141 at 5-6. While plaintiffs seeking class certification bear this evidentiary burden, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011), Defendant cites no case holding this evidentiary burden of proof applies as to Plaintiff's individual claim after the class certification motion has been denied and before a summary judgment motion has been filed.

For the above reasons, the Court declines to dismiss the case *sua sponte* at this time. This decision is without prejudice to any argument regarding lack of subject matter jurisdiction that Defendant may raise in a future motion or at trial.

**IT IS SO ORDERED.**

Dated: February 20, 2024

_____
Hon. Robert S. Huie
United States District Judge